## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
#### Richmond Division

| | |
|---|---|
| **THOMAS EWERS, JAMES APONTE, WILLIAM BERGAMINI, EMANUEL BINFORD, BILLY BLANKENSHIP, RASHAUN BOLAND, THOMAS CARTER, BRANDON CHESTER, JAMES DARRINGTON, LESLIE DELUCA, KEITH DENNIS, DALE EICHLER, ROBERT ELKINS, ROBERT FERGUSON, GREGORY GEIST, TERRY HASKINS, SHERRIE JOHNSON, KIMBERLY LANDON, ERIC MCCALL, JOHN MCCLELLAN, NASHAYLA NELSON, DAVID REESE, JOSEPH VAUGHAN, JOHN WALDRON, ANDREA WALKER, CHRISTOPHER WOMACK, LAURIE WOMACK, and JOHN WOYANSKY, on behalf of themselves and others similarly situated,** |  |
| **Plaintiffs,** | |
| **v.** | **CIVIL ACTION NO.** 3:16c-v00029 |
| **CITY OF PETERSBURG, VIRGINIA,** | |
| **Defendant.** | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

COME NOW Plaintiffs Thomas Ewers, James Aponte, William Bergamini, Emanuel Binford, Billy Blankenship, Rashaun Boland, Thomas Carter, Brandon Chester, James Darrington, Leslie Deluca, Keith Dennis, Dale Eichler, Robert Elkins, Robert Ferguson, Gregory Geist, Terry Haskins, Sherrie Johnson, Kimberly Landon, Eric McCall, John McClellan, Nashayla Nelson, David Reese, Joseph Vaughan, John Waldron, Andrea Walker, Christopher Womack, Laurie Womack, and John Woyansky, (collectively "Plaintiffs"), by counsel, and make

the following allegations on behalf of themselves and all others similarly situated:

## PRELIMINARY STATEMENT

1.      Plaintiffs are law enforcement employees with the City of Petersburg, Virginia.

2.      This proceeding seeks unpaid overtime for Plaintiffs and all others similarly situated, who are current and former employees of Petersburg Bureau of Police, under the federal and state laws which establish the overtime compensation due to law enforcement officers.

3.      Count One is a Collective Action in which Plaintiffs seek declaratory relief, injunctive relief, and to recover unpaid overtime compensation, liquidated damages, and attorneys' fees under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA" or "the Act") for themselves and others similarly situated.

4.      Count Two is brought under this Court's supplemental jurisdiction, also seeking unpaid overtime, but pursuant to the enhanced relief provided by Va. Code § 9.1-700, *et seq.* for Virginia law enforcement personnel.  Plaintiffs bring Count Two for themselves, individually, and others similarly situated seeking class relief pursuant to Rule 23 Fed. R. Civ. P. Plaintiffs seek declaratory relief, injunctive relief, and to recover unpaid overtime compensation, liquidated damages, and attorneys' fees pursuant to Va. Code § 9.1-700, *et seq.*

5.      Count Three is brought under the doctrine of *quantum meruit* seeking unpaid wages for services rendered by Plaintiffs and accepted by Defendants for which compensation was expected by was not provided by Defendants.

## PARTIES

6.      Defendant is the primary law enforcement agency in the City of Petersburg, Virginia and is comprised of law enforcement officers and various clerical, administrative, and management personnel.  Upon information and belief, it employs approximately 140 individuals,

including more than 100 sworn law enforcement officers.

7.      Defendant is an "employer" both within the meaning of 29 U.S.C. § 207(a)(1) and Va. Code § 9.1-700.  Defendant was Plaintiffs' "employer" within the meaning of 29 U.S.C. § 203(d) and Va. Code § 9.1-700 at all times relevant hereto.

8.      Ewers is a resident of Virginia and employee of Defendant.  At all times relevant hereto, Ewers has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

9.      Aponte is a resident of Virginia and employee of Defendant.  At all times relevant hereto, Aponte has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

10.     Bergamini is a resident of Virginia and employee of Defendant.  At all times relevant hereto, Bergamini has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700

11.     Binford is a resident of Virginia and employee of Defendant.  At all times relevant hereto, Binford has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

12.     Blankenship is a resident of Virginia and employee of Defendant.  At all times relevant hereto, Blankenship has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

13.     Boland is a resident of Virginia and employee of Defendant.  At all times relevant hereto, Boland has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

14.     Carter is a resident of Virginia and employee of Defendant. At all times relevant hereto, Carter has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

15.     Chester is a resident of Virginia and employee of Defendant. At all times relevant hereto, Chester has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

16.     Darrington is a resident of Virginia and employee of Defendant. At all times relevant hereto, Darrington has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Cdoe § 9.1-700.

17.     Deluca is a resident of Virginia and employee of Defendant. At all times relevant hereto, Deluca has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

18.     Dennis is a resident of Virginia and employee of Defendant. At all times relevant hereto, Dennis has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

19.     Eichler is a resident of Virginia and former employee of Defendant. At all times relevant hereto, Eichler was employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

20.     Elkins is a resident of Virginia and employee of Defendant. At all times relevant hereto, Elkins has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

21.     Ferguson is a resident of Virginia and employee of Defendant. At all times

relevant hereto, Ferguson has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

22.     Geist is a resident of Virginia and employee of Defendant.  At all times relevant hereto, Geist has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

23.     Haskins is a resident of Virginia and employee of Defendant.  At all times relevant hereto, Haskins has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

24.     Johnson is a resident of Virginia and employee of Defendant.  At all times relevant hereto, Johnson has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

25.     Landon is a resident of Virginia and employee of Defendant.  At all times relevant hereto, McClellan has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

26.     McCall is a resident of Virginia and employee of Defendant.  At all times relevant hereto, McCall has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

27.     McClellan is a resident of Virginia and employee of Defendant.  At all times relevant hereto, McClellan has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

28.     Nelson is a resident of Virginia and employee of Defendant.  At all times relevant hereto, Nelson has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

29.     Reese is a resident of Virginia and employee of Defendant. At all times relevant hereto, Reese has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

30.     Vaughan is a resident of Virginia and employee of Defendant. At all times relevant hereto, Vaughan has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

31.     Waldron is a resident of Virginia and employee of Defendant. At all times relevant hereto, Waldron has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

32.     Walker is a resident of Virginia and employee of Defendant. At all times relevant hereto, Walker has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

33.     Christopher Womack is a resident of Virginia and employee of Defendant. At all times relevant hereto, Womack has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

34.     Laurie Womack is a resident of Virginia and former employee of Defendant. At all times relevant hereto, Womack was employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

35.     Woyansky is a resident of Virginia and employee of Defendant. At all times relevant hereto, Woyansky has been employed by Defendant within the meaning of the FLSA,

29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

36.    Plaintiffs bring this action on behalf of themselves and others similarly situated current and former employees of Defendant who were, or are, employed by Defendant as "Detectives," "Police Officers," or "Law Enforcement employees," or with duties similar to "Detectives," "Police Officers," or "Law Enforcement employees," and who were subject to the same uniform pay practices and policies.

JURISDICTION AND VENUE

37.    This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, and seeks this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

38.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

39.    Defendant is subject to personal jurisdiction in the Commonwealth of Virginia.

40.    Defendant employs Plaintiffs in the Petersburg Bureau of Police.

41.    Plaintiffs' duties consist of protecting Petersburg citizens, and detecting and investigating crimes.

GENERAL FACTUAL ALLEGATIONS

42.    Plaintiffs and other similarly situated employees work regularly scheduled work hours which recur each one-week or two-week basis, depending on the Plaintiffs' job function.

43.    Detectives are generally scheduled to work based on a 40 hour week, or 80 hours every two weeks.  Detectives may be assigned additional hours of work as required for on-call, extra duty assignments, and other non-recurring types of assignments.

44.    During the previous three year period, Patrol Officers have worked varying schedules ranging from 80 hours in a two-week cycle, 80.5 hours in a two-week cycle, and 84

hours in a two week cycle ("regularly scheduled hours"). This includes being scheduled to work more than 40 hours every other week.

45.     Patrol Officers may be assigned additional hours of work as required for on-call, extra duty assignments, and other non-recurring types of assignments. All such hours are in addition to their regularly scheduled hours, and as such Plaintiffs are entitled to overtime compensation for such hours pursuant to Code of Virginia § 9.1-700 et seq.

46.     Assuming that Defendant meets the law enforcement overtime exemption set forth in 29 U.S.C. § 207(k), federal law requires that Plaintiffs receive overtime compensation for all hours worked over 86 in a 14 day period.   In the event that Defendant cannot meet its burden to invoke the § 207(k) exemption, then Plaintiffs are entitled to receive overtime compensation for all hours worked over 40 hour per week.

47.     In 2005, state law was amended to require that Virginia law enforcement officers working for jurisdictions employing 100 or more law enforcement employees pay overtime compensation for the difference in the regularly scheduled workweek and the federal maximum allowed by 29 U.S.C. § 201(k). Va. Code § 9.1-700 et seq.

48.     Throughout Plaintiffs' employment with Defendant, Plaintiffs and other similarly situated employees were regularly required to work in excess of their regularly scheduled hours in each 14 day period.

49.     During Plaintiffs' employment with Defendant, Defendant did not pay Plaintiffs or other similarly situated employees overtime compensation for (a) all hours worked in excess of their regularly scheduled hours in each 14 day period, in violation of Virginia law, and/or (b) all hours worked in excess of 86 hours in each 14 day period, in violation of federal law.

50.     Plaintiffs and other similarly situated employees have regularly worked hours for

which they have not received overtime compensation at the required one-and-one-half times the regular rate of pay.

51.    Defendant's pay policy is such that it does not make payment of overtime compensation for all hours worked between officers' regularly scheduled hours and 86 hours in a two week cycle, in violation of state law requiring overtime compensation for hours worked over the regularly scheduled hours during each 14 day period.  Defendant's pay policy also does not make payment of overtime compensation for all hours worked over 86 hours during such period in violation of federal law.

52.    Defendant's current pay plan is such that Plaintiffs are automatically paid for 80 hours in a 14 day cycle.  In order for Plaintiffs to receive pay for any hours worked above 80, they must turn in a handwritten overtime slip.  However, even if Plaintiffs turn in an overtime slip, they are not always paid time and a half for all hours worked over 80 or 86 in a 14 day period.

53.    Upon information and belief, Defendant has a policy and/or practice of paying a straight rate for certain types of overtime hours worked.  For instance, Plaintiffs regularly work past the end of their regularly scheduled shift.  These hours are designated as End of Shift hours. Plaintiffs also regularly spend time in training outside of their regularly scheduled shift.  Upon information and belief, Defendant only pays a straight rate for End of Shift hours and training hours regardless of whether these hours are over 40 in a week, 80 in a 14 day period, or 86 in a 14 day period.

54.    Upon information and belief, some Plaintiffs are regularly scheduled to work 80.5 hours in a 14 day period.  However, Defendant only compensates these employees for 80 hours of work.  These Plaintiffs are not compensated at all for the remaining half an hour of work.

55.    Defendant's payroll system is in disarray.  Defendant does not currently employ a dedicated employee to administer payroll.  The Bureau's payroll is currently assigned to a secretary.

56.    Defendant's pay records are nearly impossible to decipher and are written in such a way that conceals the number of hours that Plaintiffs work and the number of hours Plaintiffs are being paid.  The nature of these pay records prevents Plaintiffs from identifying any discrepancies in their pay.

57.    On information and belief, Defendant continues to deny Plaintiffs and similarly situated employees overtime compensation to which they are entitled.

58.    Although Plaintiffs and other similarly situated employees worked and were and are expected to work hours in excess of 40 hours in an individual week, over their regularly scheduled hours, and/or over 86 hours in a 14 day period, Defendant has failed and refused to pay overtime compensation for such hours worked.

59.    Defendant at times does not pay overtime compensation on the regular pay day for the week in which it is earned.  Defendant often pays overtime on the next pay period or even several pay periods after it is earned.  This further prevents Plaintiffs from identifying discrepancies in their pay.

60.    Defendant has a written administrative policy that entitles non-exempt employees to receive three hours of straight time pay when they are required to be on-call.  Defendant has failed to compensate Plaintiffs for the time they spent on-call.

I.    **Representative Action Allegations For FLSA Claims**

61.    Plaintiffs file this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as Representative Plaintiffs.  Plaintiffs consent to become a party plaintiff in this

representative FLSA action pursuant to 29 U.S.C. § 216(b), as evidenced by Plaintiffs' "Consent to Become Party to Collective Action Under 29 U.S.C. § 216," filed herewith.

62.    Defendant employs, and has employed, multiple persons in the same job functions and/or position as Plaintiffs occupy.

63.    These employees perform, and have performed, functions which entitle them to payment of overtime compensation wages that they have not received.

64.    Defendant compensated, and continues to compensate, Plaintiffs and those similarly situated, on a uniform compensation basis common to Plaintiffs and other persons performing similar job functions.

65.    On information and belief, all of Defendant's operations are centrally managed as a single enterprise, and all or most of Defendant's employees performing functions similar to Plaintiffs are subject to common, uniform time-keeping and payroll practices.  Defendant has additionally established uniform payroll policies with respect to the payment of overtime compensation which apply to Plaintiffs and those similarly situated in the performance of law enforcement duties for Defendant.

66.    The FLSA "collective" or "class" of similarly situated employees is composed of all present and former employees of Defendant who performed the same or similar job functions as Plaintiffs and are or were subject to the same pay practices, and have been employed within three, or more, years of the date of filing of this action.

67.    Plaintiffs assert that Defendant's willful disregard of the overtime laws described herein entitles Plaintiffs and similarly situated employees to the application of the three year limitations period and, in addition, to equitable tolling of the otherwise applicable statutes of limitations.

68.     At all times relevant hereto, Defendant was a "public agency" as that term is defined by 29 U.S.C. §§ 203(e)(2)(C) and 203(x).

69.     Plaintiffs' title and job duties, and the titles and job duties of those similarly situated to Plaintiffs, are specifically not exempt from the coverage of the FLSA.

70.     At all relevant times, Plaintiffs and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

## II.     Allegations Related To Plaintiffs' State Law Claims

71.     Plaintiffs are required to work a regular and recurrent schedule whereby they are scheduled to work regularly scheduled hours every 14 days.

72.     Regardless of their regular and recurrent schedule, Plaintiffs are often required to work in excess their regularly scheduled hours every 14 days.

73.     Pursuant to Va. Code §§ 9.1-701 through 9.1-703, Defendant is obligated to pay Plaintiffs at one and a half times his regular rate of pay ("overtime") for all hours worked above and beyond their regular and recurrent work schedule.

74.     Defendant's payroll policy is to pay at "straight time," i.e., Plaintiffs' regular rate for all hours worked between their regularly scheduled hours and 86 over a 14 day period.

75.     Pursuant to Va. Code § 9.1-701 all hours should be paid at time and a half to the extent these hours are "between the statutory maximum permitted under 29 U.S.C. § 207 (k) and the hours for which an employee receives his salary."

76.     Defendant has been in continual violation of § 9.1-700 since the law went in to effect in 2005.

77.     Defendant willfully violated Va. Code § 9.1-700 et seq.  High-level members of Defendant's administration knew of its obligations to pay overtime for all hours Plaintiffs

worked beyond their regular schedule over a 14 day period, but the City failed to comply with the law.

78.     Defendant has had knowledge of Virginia's law enforcement overtime provisions as local news media outlets have widely reported on similar police officer lawsuits against, and settlements paid by, the City of Richmond, Henrico County, the City of Norfolk, the City of Hampton, and other Virginia localities with at least 100 law enforcement employees. *See e.g.* Richmond Times-Dispatch, Sept. 21, 2011 "Richmond Police File Lawsuit on Overtime" (http://www.richmond.com/news/richmond-police-file-lawsuit-on-overtime/article_2e5f0996-5b07-55cf-9d3f-5b75dd5326e7.html).

79.     Defendant's payroll recordkeeping is such that Defendants have concealed from Plaintiffs an ability to decipher the true extent of Defendant's overtime compensation violations.

80.     Defendant's knowledge of its violations of the law, combined with its concealment of Plaintiffs' ability to decipher or discover such violations, gives reason for the Court to equitably toll the statute of limitations for Plaintiffs claims for as far back as 2011 (and allowing a three-year look-back period from that point in time, to 2008, to recover overtime damages).

### III.     Rule 23 Class Action Allegations

### A.     Class Definitions

81.     Plaintiffs, the Rule 23 Class Representatives, seek to maintain claims pursuant to Va. Code § 9.1-700, et seq., individually, on their own behalf, and on behalf of a class of current and former employees of Petersburg Bureau of Police who, during any time within the liability period, were employed in the ranks of Lieutenant and below.  Current and former Petersburg Bureau of Police employees who hold or have held positions of Captains and above are excluded

from the class for such periods of the liability period in which they were employed at the ranks of Captain and above.

82.    Plaintiffs also seek to bring additional claims under Virginia law for *quantum meruit* for a sub-class of the officers in the above defined class who also (a) were assigned to "on-call" status but did not receive the promised on-call compensation; and/or (b) were scheduled to work 80.5 hours in a 14 day cycle but were only paid for 80 hours. The above defined class and its sub-class are collectively referred to herein as the "Class").

### B.    Efficiency of Class Prosecution of Common Claims

83.    Certification of a class of current and former officers is the most efficient and economical means of resolving the questions of law and fact which are common to the claims of the Class Representatives and the proposed class. Conversely, proceeding on an individual basis will require the filing of dozens of duplicative individual suits which will waste judicial time and resource and create the risk of inconsistent or varying adjudications of common issues.

### C.    Numerosity and Impracticality of Joinder

84.    The class which the Class Representatives seek to represent is so numerous that joinder is impracticable. On information and belief, there are over 100 current and former Petersburg law enforcement employees during the liability period who have been unlawfully denied overtime compensation to which they are entitled by virtue of Va. Code §§ 9.1-701, *et seq.*

### D.    Common Questions of Law and Fact

85.    The application of Defendant's pay policy presents common issues of fact in this matter. Moreover, Defendant has utilized centralized scheduling and compensation practices in the calculation and payment of overtime compensation which apply uniformly to the class

representatives and to those other officers they seek to represent.  On information and belief, all present and former Petersburg law enforcement employees were subject to the same centralized scheduling and compensation practices during the liability period. All such class members who also fit the definition of the proposed sub-class also were subject to identical pay practices and on-call policies implemented by the City.

86.     Common issues of fact exist in this matter as to whether Defendant's scheduling and compensation practices violated applicable state and federal law regarding Virginia law enforcement personnel's entitlement to overtime compensation, and an employee's right to non-overtime wages on a *quantum meruit* basis.

### E.     Typicality of Claims and Relief Sought

87.     The claims of the Class Representatives are typical to those of the class members as a whole in that his claims are based on the same scheduling and compensation practices. The relief sought by the Class Representatives for overtime compensation is also typical of the relief which is sought on behalf of the proposed class.

### F.     Adequacy of Representation

88.     Plaintiffs are excellent class representatives. Their interests are co-extensive with those of the members of the proposed class they seek to represent in this class. They have knowledge of Defendant's scheduling and compensation practices. They are committed to being representatives of the class, and have retained counsel experienced in prosecuting class action employment cases to protect the interests of the class.

### G.     Rule 23(B)(3) Requirements

89.     Common questions of law and fact predominate over any questions affecting only individual members because the basis of any claims herein is the common application of policy,

as well as the common scheduling and compensation practices of Defendant.

90.    A class action is superior to other available methods for adjudicating the controversy because other methods would involve the filing of dozens of individual claims that are based on the same centralized scheduling and compensation facts and the same legal issues regarding the same. Dozens of individual cases would clog the court and waste judicial time and resources. Moreover, multiple individual cases based on the same legal issue could lead to inconsistent or varying adjudications of the same issue.

91.    The putative class members do not have a substantial interest in individually controlling a separate action because any such claim would be based on the same centralized scheduling and compensation practices and their recovery in either an individual or class action will be based on the amount of overtime compensation that they have been denied by Defendant.

92.    The Class Representatives and counsel are not aware of any other litigation concerning the controversy that has already begun by proposed class members.

93.    It is desirable to concentrate the claims in this forum because the employment practices complained of herein occurred exclusively in this forum.

94.    The Class Representatives and counsel do not foresee any substantial difficulties in managing a class action and counsel is experienced in managing class action litigation in this forum.

## COUNT I
## Violation of the Fair Labor Standards Act

95.    At all times relevant to the matters alleged herein, Defendant has engaged in a pattern, practice or policy of not compensating law enforcement employees in accordance with state and federal mandates for certain overtime work performed for Defendant's benefit.

96.    The FLSA requires covered employers such as Defendant to compensate law

enforcement employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 86 hours in a 14 day period.

97.    At all times relevant hereto, Defendant knew, or should have known, that federal wage laws, generally, and the FLSA, specifically, applied to Plaintiffs and others similarly situated.

98.    On information and belief, Defendant had knowledge of its FLSA requirements to pay law enforcement employees overtime compensation for hours worked in excess of 86 hours in a 14 day period.

99.    Despite knowledge of its obligations under federal wage laws, Defendant suffered and permitted Plaintiffs and similarly situated employees to routinely work in excess of 86 hours in a 14 day period without paying all overtime compensation due.

100.    Defendant willfully violated the FLSA by its failure to pay Plaintiffs, and other similarly situated employees, overtime compensation.

101.    High-level members of Defendant's administration knew of its obligations under the FLSA, including but not limited to HR personnel and the Chief of Police.

102.    The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendant knew or showed reckless disregard for the fact that the City's compensation practices were in violation of these laws.

103.    Plaintiffs, and other similarly situated present and former employees, are entitled to statutory damages equal to the mandated overtime premium pay within the three (or more) years preceding the filing of this Complaint.

104.    Defendant has shown a reckless disregard for the FLSA's overtime requirements for law enforcement personnel.  Although Defendant had an obligation to make proper inquiry

into its FLSA compliance obligations, it failed to do so or, having inquired, ignored or willfully attempted to avoid its legal obligations.

105.    Defendant has not acted in good faith with respect to its failure to pay overtime compensation.  Defendant had no legitimate reason to believe its actions and omissions were not a violation of the FLSA, thus entitling Plaintiffs, and those similarly situated, to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime compensation described above.

**COUNT II**
**Violation of Va. Code §§ 9.1-701 through 9.1-703**

106.    Defendant has violated Va. Code §§ 9.1-701 through 9.1-703 by depriving Plaintiffs, and putative class members all of whom were subject to the same policies, of their full overtime pay rates.

107.    Defendant's policy and practice of paying "straight time" rather than "overtime" for hours worked between 80 and 86 over a 14 day period has deprived Plaintiffs, and others who are subject to the same policies, of an overtime premium which should be included as part of their overtime pay rates.

108.    Pursuant to Va. Code § 9.1-704, Plaintiffs, and others who are subject to the same policies, are entitled to payment of the withheld overtime compensation, an additional presumed doubling of that amount, and payment for Plaintiffs' attorneys' fees and costs of this proceeding.

109.    At all times relevant hereto, Defendant knew, or should have known, that Virginia's law enforcement overtime laws applied to Plaintiffs and others similarly situated.

110.    On information and belief, Defendant had knowledge of the state law requirement to pay law enforcement employees overtime compensation for hours worked in excess of their regularly scheduled hours.

111.   Despite knowledge of its obligations under Virginia's police officer wage laws, Defendant suffered and permitted Plaintiffs and similarly situated employees to routinely work in excess of their regular schedule without paying all overtime compensation due.

112.   Defendant willfully violated Virginia law by its failure to pay Plaintiffs, and other similarly situated employees, overtime compensation in accordance with Virginia Code § 9.1-700 et seq.

113.   High-level members of Defendant's administration knew of its obligations to pay police officers overtime for hours worked beyond their regular schedule under Virginia law.

114.   The foregoing conduct constitutes a willful violation within the meaning of Virginia Code § 9.1-705, as Defendant knew or showed reckless disregard for the fact that the City's compensation practices were in violation of Virginia law.

115.   Plaintiffs, and other similarly situated present and former employees, are entitled to statutory damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus an additional amount of time for equitable tolling based on Defendant's poor payroll practices which prevented Plaintiffs from discovering Defendant's pay violations.

116.   Defendant has shown a reckless disregard for the legal overtime requirements for law enforcement personnel under Virginia law.  Although Defendant had an obligation to make proper inquiry into its compliance obligations under Virginia law, it failed to do so or, having inquired, ignored or willfully attempted to avoid its legal obligations.

117.   Defendant has not acted in good faith with respect to its failure to pay overtime compensation.  Defendant had no legitimate reason to believe its actions and omissions were not a violation of the state law, thus entitling Plaintiffs, and those similarly situated, to recover an

award of liquidated damages in an amount equal to the amount of unpaid overtime compensation pursuant to §9.1-704.

## COUNT III
### *Quantum Meruit*

118.    During the relevant time period, Plaintiffs, and those in the *quantum meruit* sub-class, provided valuable services to Defendant.

119.    Defendant accepted and benefited from the services provided by Plaintiffs.

120.    Defendant had notice that Plaintiffs expected to be paid for the services provided. Specifically, with respect to on-call assignment, Defendant had a policy purporting to pay a fixed amount to all officers assigned on-call.

121.    Defendant did not pay Plaintiffs for the services rendered.

122.    Specifically, some Plaintiffs were regularly scheduled to work 80.5 hours every 14-day work period, but Defendant only paid such Plaintiffs for 80 hours. Defendant's pay practice and confusing pay records deprived Plaintiffs from reasonably discovering the unlawful pay shortfall. Therefore, Plaintiffs' claims for these hours should be equitably tolled.

123.    Defendant has also failed to pay Plaintiffs under its policy of compensating employees for time spent on-call.

124.    As a result, Defendant has been unjustly enriched by receipt and enjoyment of services rendered by Plaintiffs without payment and for which payment was expected and requested, the value of such enrichment is equal to the unpaid wages plus interest.

## PRAYER FOR RELIEF FOR COUNT ONE
### (Plaintiffs' FLSA Claims)

WHEREFORE, Plaintiffs respectfully request that this Court:

A.    Approve notice, as soon as possible, to those employees and former employees similarly situated to Plaintiffs, namely all "Detectives," "Police Officers," or "Law Enforcement employees," and other employees performing the duties of "Detectives," "Police Officers," or "Law Enforcement employees," who were employed by Defendant during any portion of the three (or more) years immediately preceding the filing of this action, of the existence of this FLSA representative (collective) action, the claims set forth herein and further provide notice of their right to opt-in to this action pursuant to 29 U.S.C. § 216(b). Generally, this notice should inform such current and former employees that this action has been filed, describe the nature of the action and explain their right to opt in to this lawsuit if they were not paid the proper overtime wage compensation for their hours worked in any week during the statutory period;

B.    Designate this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216(b);

C.    Enter judgment declaring that the acts and practices complained of herein are violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

D.    Enter judgment awarding Plaintiffs, and all similarly situated current and former employees, actual compensatory damages in the amount shown to be due for unpaid overtime compensation, with pre-judgment interest, against Defendant;

E.    Enter judgment that Defendant's violations of the FLSA were willful;

F.     Enter judgment awarding Plaintiffs and all similarly situated present and former employees an amount equal to their overtime damages as liquidated damages;

G.    Enter judgment for post-judgment interest at the applicable legal rate;

H.     Enter judgment awarding Plaintiffs, and those similarly situated, reasonable attorneys' fees and costs of this suit;

I.     Grant leave to amend to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; to add claims under applicable state and federal laws, including claims for minimum wages pursuant to 29 U.S.C. § 206; and/or to add other defendants who meet the definition of Plaintiffs' employer, pursuant to 29 U.S.C. § 203(d);

J.     Enjoin Defendant from future violations of the FLSA through the mandated payment of overtime compensation to similarly situated employees for hours worked in excess of the statutory maximum;

K.     Grant equitable tolling of Plaintiffs' claims so that damages may be recovered from 2008 forward; and

L.     Grant such other and further relief as this Court deems necessary and proper.

### PRAYER FOR RELIEF FOR COUNT II
#### (Plaintiffs' Rule 23 Claim Under Va. Code §9.1-700 *et seq.*)

WHEREFORE, Plaintiffs respectfully request that this Court:

A.     Certify this action asserting the putative class' rights under Va. Code §§ 9.1-701, *et seq.* to proceed as a class action, pursuant to Rule 23 Fed. R. Civ. P, upon Plaintiffs' filing of a motion for class certification, with notice to those employees and former employees similarly situated to Plaintiffs, namely all "Detectives," "Police Officers," or "Law Enforcement employees," and other employees performing the duties of "Detectives," "Police Officers," or "Law Enforcement employees," who were employed by Defendant during any portion of the three (or more) years immediately preceding the filing of this action, of the existence of this action, the claims set forth herein and notice of their rights herein;

B.  Award appropriate declaratory relief regarding Defendant's unlawful acts and practices, in violation of Va. Code §§ 9.1-701 through 9.1-703 and injunctive relief to prevent such practices continuing in the future;

C.  Award appropriate back pay in amounts equivalent to Plaintiffs' previously deprived wages, and a doubling of the same pursuant to Va. Code §§ 9.1-701 through 9.1-704;

D.  Award of attorneys' fees and costs incurred on Plaintiffs' behalf, pursuant to Va. Code § 9.1-704;

E.  Grant equitable tolling of Plaintiffs' claims so that damages may be recovered from 2008 forward; and

F.  Grant such other and further relief to which Plaintiffs may show themselves justly entitled.

**PRAYER FOR RELIEF FOR COUNT III**
**(Plaintiffs' Rule 23 *Quantum Meruit* Claims)**

WHEREFORE, Plaintiffs respectfully request that this Court:

A.  Certify this action, asserting the putative class' rights under Virginia common law for compensation pursuant to claims of *quantum meruit*, to proceed as a class action, pursuant to Rule 23 Fed. R. Civ. P, upon Plaintiffs' filing of a motion for class certification, with notice to those employees and former employees similarly situated to Plaintiffs, namely all "Detectives," "Police Officers," or "Law Enforcement employees," and other employees performing the duties of "Detectives," "Police Officers," or "Law Enforcement employees," who were employed by Defendant during any portion of the three (or more) years immediately preceding the filing of this action, of the existence of this action, the claims set forth herein and notice of their rights herein;

B.  Enter judgment declaring that Defendant has been unjustly enriched by receipt

and enjoyment of services rendered by Plaintiffs without payment and for which payment was expected and requested;

   C.  Enter judgment awarding Plaintiffs, and all similarly situated present and former employees, actual compensatory damages in the amount shown to be due for unpaid wages, with pre-judgment interest, against Defendants;

   D.  Grant equitable tolling of Plaintiffs' claims so that damages may be recovered from 2008 forward; and

   E.  Grant such other and further relief as this Court deems necessary and proper.

Plaintiffs hereby Demand a TRIAL BY JURY.


       Respectfully submitted,

       **THOMAS EWERS, *et al.*, on behalf of themselves and others similarly situated,**


By: _____
       Attorneys for Plaintiffs
       Craig Juraj Curwood (VSB No. 43975)
       Philip Justus Dean (VSB No. 86335)
       Curwood Law Firm, PLC
       530 E. Main Street, Suite 710
       Richmond, VA 23219
       Telephone: (804) 788-0808
       Fax: (804) 767-6777
       ccurwood@curwoodlaw.com
       pdean@curwoodlaw.com

       Ryan H. Ash (VSB No. 81819)
       Blackburn, Conte, Schilling & Click, PC
       300 W. Main Street
       Richmond, VA 23220
       Telephone: (804) 782-1111
       Fax: (804) 648-3914
       ryanash@blackburnconte.com