## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| **THOMAS EWERS, DARRELL ALESHIRE, JAMES APONTE, BERRY BAKER, DAVID BAKER, WILLIAM BERGAMINI, EMANUEL BINFORD, BILLY BLANKENSHIP, RASHAUN BOLAND, THOMAS CARTER, LAJAUN CHEATHAM, HERVIE CHEATHAM, BRANDON CHESTER, JAMES DARRINGTON, LESLIE DELUCA, KEITH DENNIS, DALE EICHLER, ROBERT ELKINS, REGINALD FERGUSON, ROBERT FERGUSON, GREGORY GEIST, TERRY HASKINS, EDDIE JACKSON, WENDELL JAMES, SHERRIE JOHNSON, EVAN JONES, KIMBERLY LANDON, JAMES MAHONEY, LESLIE MARKS, RICHARD MARKS, ERIC MCCALL, JOHN MCCLELLAN, NASHAYLA NELSON, SHANE NOBLIN, THOMAS PASI, MARCY PATTERSON, DAVID REESE, VANCE RICHARDS, JOSHUA ROBERTS, SARAH TOLLISON, JOSEPH VAUGHAN, STEPHEN WADE, JOHN WALDRON, ANDREA WALKER, RONNIE WILLIAMS, CHRISTOPHER WOMACK, LAURIE WOMACK, and JOHN WOYANSKY, on** behalf of themselves and others similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>**CITY OF PETERSBURG, VIRGINIA,**<br><br>**Defendant.** | **CIVIL ACTION NO.  3:16-cv-29** |

### FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

COME NOW Plaintiffs Thomas Ewers, Darrell Aleshire, James Aponte, Berry Baker,

David Baker, William Bergamini, Emanuel Binford, Billy Blankenship, Rashaun Boland,

Thomas Carter, LaJaun Cheatham, Hervie Cheatham, Brandon Chester, James Darrington, Leslie Deluca, Keith Dennis, Dale Eichler, Robert Elkins, Reginald Ferguson, Robert Ferguson, Gregory Geist, Terry Haskins, Eddie Jackson, Wendell James, Sherrie  Johnson, Evan Jones, Kimberly Landon, James Mahoney, Leslie Marks, Richard Marks, Eric Mccall, John Mcclellan, Nashayla Nelson, Shane Noblin, Thomas Pasi, Marcy Patterson, David Reese, Vance Richards, Joshua Roberts, Sarah Tollison, Joseph Vaughan, Stephen Wade, John Waldron, Andrea Walker, Ronnie Williams, Christopher Womack, Laurie Womack, and John Woyansky, (collectively "Plaintiffs"), by counsel, and make the following allegations on behalf of themselves and all others similarly situated:

## PRELIMINARY STATEMENT

1.      This is an Amended Complaint for the purpose of pleading additional facts in response to Defendant's Motion to Dismiss (ECF No. 19) filed on February 17, 2016 and to add an additional count for retaliation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA" or "the Act").

2.      Plaintiffs are law enforcement employees with the City of Petersburg, Virginia.

3.      This proceeding seeks unpaid overtime for Plaintiffs and all others similarly situated, who are current and former employees of Petersburg Bureau of Police, under the federal and state laws which establish the overtime compensation due to law enforcement officers.

4.      Count One is a Collective Action in which Plaintiffs seek declaratory relief, injunctive relief, and to recover unpaid overtime compensation, liquidated damages, and attorneys' fees under the FLSA.

5.      Count Two is brought under this Court's supplemental jurisdiction, also seeking unpaid overtime, but pursuant to the enhanced relief provided by Va. Code § 9.1-700, *et seq.* for

Virginia law enforcement personnel.  Plaintiffs bring Count Two for themselves, individually, and others similarly situated seeking class relief pursuant to Rule 23 Fed. R. Civ. P. Plaintiffs seek declaratory relief, injunctive relief, and to recover unpaid overtime compensation, liquidated damages, and attorneys' fees pursuant to Va. Code § 9.1-700, *et seq.*

6.      Count Three is brought under the doctrine of *quantum meruit* seeking unpaid wages for services rendered by Plaintiffs and accepted by Defendants for which compensation was expected by was not provided by Defendants.

7.      Count Four is for retaliation by Defendant in violation of the FLSA.

**PARTIES**

8.      Defendant City of Petersburg, Virginia provides law enforcement services through its police department, the Petersburg Bureau of Police, which is comprised of law enforcement officers and various clerical, administrative, and management personnel.  Upon information and belief, it employs approximately 140 individuals, including more than 100 sworn law enforcement officers.

9.      Defendant is an "employer" both within the meaning of 29 U.S.C. § 207(a)(1) and Va. Code § 9.1-700.  Defendant was Plaintiffs' "employer" within the meaning of 29 U.S.C. § 203(d) and Va. Code § 9.1-700 at all times relevant hereto.

10.     Ewers is a resident of Virginia and employee of Defendant.  Ewers is employed as a Detective.  At all times relevant hereto, Ewers has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

11.     Aleshire is a resident of Virginia and former employee of Defendant.  Aleshire was employed as a Patrol Officer.  At all times relevant hereto, Aleshire has been employed by

Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

12.     Aponte is a resident of Virginia and employee of Defendant. Aponte is employed as a Corporal. At all times relevant hereto, Aponte has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

13.     Berry Baker is a resident of Virginia and employee of Defendant. At all times relevant hereto, Baker is/was employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

14.     David Baker is a resident of Virginia and employee of Defendant. Baker is employed as a Detective. At all times relevant hereto, Baker has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

15.     Bergamini is a resident of Virginia and employee of Defendant. At all times relevant hereto, Bergamini is/was employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700

16.     Binford is a resident of Virginia and employee of Defendant. Binford is employed as a Patrol Officer. At all times relevant hereto, Binford has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

17.     Blankenship is a resident of Virginia and employee of Defendant. Blankenship is employed as a Detective. At all times relevant hereto, Blankenship has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement

employee within the meaning of Va. Code § 9.1-700.

18.     Boland is a resident of Virginia and employee of Defendant.  Boland is employed as a Detective.  At all times relevant hereto, Boland has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

19.     Carter is a resident of Virginia and employee of Defendant.  At all times relevant hereto, Carter is/was employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

20.     LaJuan Cheatham is a resident of Virginia and employee of Defendant. Cheatham is employed as a Patrol Officer.  At all times relevant hereto, Cheatham has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

21.     Hervie Cheatham is a resident of Virginia and employee of Defendant.  Cheatham is employed as a Sergeant.  At all times relevant hereto, Cheatham has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

22.     Chester is a resident of Virginia and employee of Defendant.  Chester is employed as a Detective.  At all times relevant hereto, Chester has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

23.     Darrington is a resident of Virginia and employee of Defendant.  Darrington is employed as a Detective.  At all times relevant hereto, Darrington has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement

employee within the meaning of Va. Cdoe § 9.1-700.

24.    Deluca is a resident of Virginia and employee of Defendant. Deluca is employed as a Patrol Officer. At all times relevant hereto, Deluca has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

25.    Dennis is a resident of Virginia and employee of Defendant. Dennis is employed as a Detective. At all times relevant hereto, Dennis has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

26.    Eichler is a resident of Virginia and former employee of Defendant. Eichler was employed as a Detective. At all times relevant hereto, Eichler was employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

27.    Elkins is a resident of Virginia and employee of Defendant. Elkins is employed as a Detective. At all times relevant hereto, Elkins has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

28.    Reginald Ferguson is a resident of Virginia and employee of Defendant. Ferguson is employed as a Detective. At all times relevant hereto, Ferguson has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

29.    Robert Ferguson is a resident of Virginia and employee of Defendant. Ferguson is employed as a Detective. At all times relevant hereto, Ferguson has been employed by

Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

30. Geist is a resident of Virginia and employee of Defendant. Geist is employed as a Sergeant. At all times relevant hereto, Geist has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

31. Haskins is a resident of Virginia and employee of Defendant. Haskins is employed as a Detective. At all times relevant hereto, Haskins has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

32. Jackson is a resident of Virginia and employee of Defendant. Jackson is employed as a Patrol Officer. At all times relevant hereto, Jackson has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

33. James is a resident of Maryland and former employee of Defendant. James was employed as a Patrol Officer. At all times relevant hereto, James has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

34. Johnson is a resident of Virginia and employee of Defendant. Johnson is employed as a Patrol Officer. At all times relevant hereto, Johnson has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

35. Jones is a resident of Virginia and former employee of Defendant. Jones was

employed as a Detective and Patrol Officer.   At all times relevant hereto, Jones has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

36.     Landon is a resident of Virginia and employee of Defendant.   Landon is employed as a Patrol Officer.   At all times relevant hereto, McClellan has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

37.     Mahoney is a resident of Virginia and employee of Defendant.   Mahoney is employed as a Patrol Officer.   At all times relevant hereto, Mahoney has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

38.     Leslie Marks is a resident of Virginia and former employee of Defendant.   Marks was employed as a Patrol Officer.   At all times relevant hereto, Marks was employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

39.     Richard Marks is a resident of Virginia and employee of Defendant.   Marks is employed as a Corporal, and has additional responsibilities as a canine "K-9" officer for Defendant.   At all times relevant hereto, Marks has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

40.     McCall is a resident of Virginia and employee of Defendant.   McCall is employed as a Detective.   At all times relevant hereto, McCall has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the

meaning of Va. Code § 9.1-700.

41.     McClellan is a resident of Virginia and employee of Defendant.   McClellan is employed as a Patrol Officer.   At all times relevant hereto, McClellan has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

42.     Nelson is a resident of Virginia and employee of Defendant.   Nelson is employed as a Detective.   At all times relevant hereto, Nelson has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

43.     Noblin is a resident of Virginia and former employee of Defendant.   Noblin was employed as a Detective.   At all times relevant hereto, Noblin was employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

44.     Pasi is a resident of Virginia and former employee of Defendant.   Pasi was employed as a Patrol Officer.   At all times relevant hereto, Pasi was employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

45.     Patterson is a resident of Virginia and former employee of Defendant.   Patterson was employed as a Patrol Officer.   At all times relevant hereto, Patterson was employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

46.     Reese is a resident of Virginia and employee of Defendant.   Reese is employed as a Detective.   At all times relevant hereto, Reese has been employed by Defendant within the

meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

47.    Richards is a resident of Virginia and former employee of Defendant.  Richards was employed as a Patrol Officer.  At all times relevant hereto, Richards was employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

48.    Roberts is a resident of Virginia and former employee of Defendant.  Roberts was employed as a K-9 Handler.  At all times relevant hereto, Roberts was employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

49.    Tollison is a resident of Virginia and employee of Defendant.  Tollison is employed as a Patrol Officer.  At all times relevant hereto, Tollison has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

50.    Vaughan is a resident of Virginia and employee of Defendant.  Vaughn is employed as a Detective.  At all times relevant hereto, Vaughan has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

51.    Wade is a resident of Virginia and employee of Defendant.  Wade is employed as a Detective.  At all times relevant hereto, Wade has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

52.    Waldron is a resident of Virginia and employee of Defendant.  Waldron is

employed as a Sergeant.  At all times relevant hereto, Waldron has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

53.     Walker is a resident of Virginia and employee of Defendant.  Walker is employed as a Patrol Officer.  At all times relevant hereto, Walker has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

54.     Williams is a resident of Virginia and employee of Defendant.  Williams is employed as a Detective.  At all times relevant hereto, Williams has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

55.     Christopher Womack is a resident of Virginia and employee of Defendant. Womack is employed as a Sergeant.  At all times relevant hereto, Womack has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

56.     Laurie Womack is a resident of Virginia and former employee of Defendant. Womack was employed as a Patrol Officer.  At all times relevant hereto, Womack was employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

57.     Woyansky is a resident of Virginia and employee of Defendant.  Woyansky is employed as a Patrol Officer.  At all times relevant hereto, Woyansky has been employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and a law enforcement employee within the meaning of Va. Code § 9.1-700.

58.     Plaintiffs bring this action on behalf of themselves and others similarly situated current and former employees of Defendant who were, or are, employed by Defendant as law enforcement officers at the rank of Lieutenant and below (inclusive of the titles of "Detective," "Police Officer," "Patrol Officer," "K-9 Officer/K-9 Handler," "Sergeant," or "Lieutenant"), and who were subject to the same uniform pay practices and policies.

## JURISDICTION AND VENUE

59.     This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, and seeks this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

60.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

61.     Defendant is subject to personal jurisdiction in the Commonwealth of Virginia.

62.     Defendant employs Plaintiffs in the Petersburg Bureau of Police.

63.     Plaintiffs' duties consist of protecting Petersburg citizens, and detecting and investigating crimes, duties which are non-exempt from the FLSA's overtime pay requirements.

## GENERAL FACTUAL ALLEGATIONS

64.     Plaintiffs and other similarly situated employees work regularly scheduled work hours which recur each one-week or two-week basis, depending on the Plaintiffs' job function.

65.     Detectives are generally scheduled to work based on a 40 hour week, or 80 hours every two weeks.   Detectives work additional hours as required for on-call, extra duty assignments, and other non-recurring types of assignments.

66.     During the previous three year period, Patrol Officers have worked varying schedules ranging from 80 hours in a two-week cycle, and 84 hours in a two week cycle ("regularly scheduled hours").  This includes being scheduled to work more than 40 hours every other week.

67.     Patrol Officers work additional hours as required for on-call, extra duty assignments, and other non-recurring types of assignments.  All such hours are in addition to their regularly scheduled hours, and as such Plaintiffs are entitled to overtime compensation for such hours pursuant to Code of Virginia § 9.1-700 et seq.

68.     Some Plaintiffs also were regularly assigned to work an extra half-hour per shift without pay, as Defendant automatically deducted 30 minutes from their pay, ostensibly for a meal break.  This meal deduction was automatic and without regard for whether or not the law enforcement officer actually received an uninterrupted meal break.  In fact law enforcement officers generally eat a snack or a meal each shift, but only rarely enjoy a full 30 minutes of completely uninterrupted time.  At least some defined units or groups were required to work 8.5 hour shifts but received only 8 hours of compensation per shift because of Defendant's policy to automatically deduct 30 minutes for a meal break.  Although discovery will establish exactly which units/groups were so affected, at least one such unit affected was the Detective or Investigations unit.  Upon information and belief, shortly after this lawsuit was filed, Defendant promptly ceased this practice of requiring certain Plaintiffs to work 8.5 hour shifts while only compensating them for 8 hours per shift.  Upon information and belief, Defendant ceased this practice of deducting 30 minutes for meal breaks because it knows that such practice is unlawful and it has deprived affected plaintiffs of their rightful compensation for work.

69.     Assuming that Defendant meets the law enforcement overtime exemption set forth in 29 U.S.C. § 207(k), federal law requires that Plaintiffs receive overtime compensation for all hours worked over 86 in a 14 day period.     In the event that Defendant cannot meet its burden to invoke the § 207(k) exemption, then Plaintiffs are entitled to receive overtime compensation for all hours worked over 40 hour per week.

70.     In 2005, state law was amended to require that Virginia law enforcement officers working for jurisdictions employing 100 or more law enforcement employees pay overtime compensation for the difference in the regularly scheduled workweek and the federal maximum allowed by 29 U.S.C. § 201(k).  Va. Code § 9.1-700 *et seq.*

71.     Throughout Plaintiffs' employment with Defendant, Plaintiffs and other similarly situated employees were regularly required to work in excess of their regularly scheduled hours and in excess of 86 hours in each 14 day period.

72.     During Plaintiffs' employment with Defendant, Defendant did not pay Plaintiffs or other similarly situated employees overtime compensation for (a) all hours worked in excess of their regularly scheduled hours in each 14 day period, in violation of Virginia law, and/or (b) all hours worked in excess of 86 hours in each 14 day period, in violation of federal law.

### Facts Supporting Overtime Violations

73.     Plaintiffs and other similarly situated employees have regularly worked hours for which they have not received overtime compensation at the required rate of one-and-one-half times their regular rate of pay.

74.     Defendant's failure to pay overtime stems from its pay policy or practice that applied to Plaintiffs and other similarly situated employees.

75.     Defendant's current pay practice is such that Plaintiffs are automatically paid for 80 hours in a 14 day cycle.  In order for Plaintiffs to receive pay for any hours worked above 80, they must turn in a handwritten overtime slip.  However, even if Plaintiffs turn in an overtime slip, they are not always paid time-and-a-half for all hours worked over 80 or 86 in a 14 day period.

76.     There are situations in which Plaintiffs have worked overtime, but have

14

systematically been denied payment at time and a half as a result of Defendant's pay policy/practice. In these situations set forth below, Plaintiffs received only their regular rate of pay ("straight time") instead of their legally required overtime rate of time-and-a-half.

    a)    Defendant typically pays straight time for all hours Plaintiffs worked between 80 and 86 in a 14 day cycle. There are only few limited exceptions to the general rule that Plaintiffs receive straight time for all hours between 80 and 86 per week (for example selective enforcement and court overtime is typically paid at time-and-a-half).

    b)    Defendant also pays straight time for certain categories of time worked by Plaintiffs regardless of whether these hours are over 80 or 86 in a 14 day cycle, (for example, mandatory training is paid at straight time, if at all).

    c)    Plaintiffs regularly work past the end of their regularly scheduled shift. These hours are designated as "End of Shift" hours. Defendant only pays a straight rate for End of Shift hours regardless of whether these hours are over 40 in a week, 80 in a 14 day period, or 86 in a 14 day period.

    d)    Defendant's pay practice of paying straight time is reflected in the statements and actions of Defendant's own employees. For example, Laurie Womack asked a person in the payroll department whether it was legal for Defendant to pay straight time for training hours even if those hours worked were over the over the threshold of for overtime pay. Womack was told this was the Bureau's policy to pay all training hours at straight time.

    e)    Defendant's pay practice of paying straight time in lieu of overtime is

reflected in pay records which show there are pay periods in which Plaintiffs worked more than 80, and in some cases more than 86, hours in a 14 day cycle, but were paid straight time for such hours.

77.     There are several other situations in which Plaintiffs have worked overtime, but have systematically been denied any payment as a result of Defendant's pay policy/practices.  In these situations, set forth below, Plaintiffs have worked without being paid at all (referred to as "off the clock" hours).

a)      Defendant has a practice of not paying for overtime worked if it is less than one hour.  Supervisors have instructed Plaintiffs not to turn in any overtime sheets for less than one hour of overtime.  For example, many instances of post-shift debriefing or staying late to complete paperwork, in which Plaintiffs remain working beyond the end of their regular shift, go uncompensated because Plaintiffs have been told not to submit overtime of less than one hour.

b)      Defendant has a practice of not paying Plaintiffs for time spent acting as instructors at the Crater Road police academy.  For example, Plaintiff Vance attempted to turn in an overtime slip for time spent working as an instructor at the academy.  His overtime slip was denied and he was told he would not be paid for working as an instructor.

c)      Defendant had a practice of automatically deducting 30 minutes from each shift worked by some Plaintiffs, specifically those assigned to administrative or investigative duties.  Such Plaintiffs were assigned to work 8.5 hour shifts, but were only paid for 8 hours per shift.  Such

automatic deduction deprived Plaintiffs of up to 30 minutes of pay per shift, all of which should have been paid at time-and-a-half rate in accordance with the overtime laws.

78.     Defendant's pay practices/policies as set forth herein systematically deprives Plaintiffs and other similarly situated employees of overtime pay at their time and a half rate in all weeks in which they work more than 80 and/or 86 hours in a 14 day cycle.

79.     Defendant had knowledge that Plaintiffs and other similarly situated employees were working overtime hours, and knew of its obligation to pay these hours at time-and-a-half rate.  However, Defendant failed to do so.

## **Concealment of Pay Discrepancies**

80.     Defendant's payroll system is in disarray.  Defendant does not currently employ a dedicated employee to administer payroll.  The Bureau's payroll is currently assigned to a secretary.

81.     Defendant's pay records are nearly impossible to decipher and are written in such a way that conceals the number of hours that Plaintiffs work and the number of hours Plaintiffs are being paid.  The nature of these pay records prevents Plaintiffs from identifying any discrepancies in their pay.

82.     When Plaintiffs have attempted to investigate their pay, Defendant has prevented them from determining how the amount they are paid corresponds to their hours worked.

83.     Plaintiff Pasi noticed irregularities in his pay.  He received several paychecks bearing the same check number and also believed he was being shorted hours and/or pay.  Pasi talked to a payroll clerk about these irregularities, but she could not explain them.  Pasi then went to human resources but human resources told him they could not give him a breakdown of

his pay, but could only tell him his net pay.

84.     Plaintiff Patterson believed that she was being shorted hours and/or pay on several occasions with no explanation.  She asked the payroll department about the missing amounts from her pay and was told to ask human resources.  Patterson then asked human resources about the missing amounts, but human resources told her to ask the payroll department.  Despite her numerous attempts to determine why she was not receiving her full pay, Defendant never gave Patterson an answer.

85.     In or around November 2015, a human resources representative held a meeting with officers.  Several officers complained that they were being paid at their straight rate for certain hours that should be paid at their overtime rate.  The representative would not answer their questions about this policy and stated that she would not talk about things that happened in the past.

86.     Defendant at times does not pay overtime compensation on the regular pay day for the week in which it is earned.  Defendant often pays overtime on the next pay period or even several pay periods after it is earned.   This further prevents Plaintiffs from identifying discrepancies in their pay.

87.     In addition to the above pay irregularities, certain high-level employees of Defendant knew or should have known that Defendant was not complying with the overtime laws relating to law enforcement officers.  Specifically, Defendant's Chief of Police and the City Attorney were previously employed by the City of Richmond, and had imputed or actual knowledge of the police officer overtime lawsuit brought against that City.  For at least as far back as Defendant's hiring of its City Attorney, the City is presumed to have knowledge of its violation of the state and federal overtime laws relating to its failure to pay overtime to Plaintiffs.

**Retaliation**

88.     Since the filing of this lawsuit, Defendant has retaliated against Plaintiffs and made a deliberate effort to threaten and intimidate Plaintiffs and putative plaintiffs to discourage them from participating in this lawsuit.

89.     On or around January 19, 2016, just days after the filing of this lawsuit, Police Chief John Dixon ordered all overtime at the Bureau to be suspended.  Disallowing overtime effectively serves as a pay cut for Plaintiffs who are currently employed by Defendant.

90.     On or around January 22, 2016, Detectives were ordered to come in to work on a snow day when Petersburg government offices were closed.  For at least the previous five years, Detectives were considered nonessential personnel and were not previously required to work on snow days.

91.     Upon information and belief, Dixon has stated on several occasions that everyone will suffer because of this lawsuit.

92.     Upon information and belief, Dixon has stated on several occasions that Plaintiffs will be fired if they lose this lawsuit, that he does not need a reason to fire anyone, and that he will have no problem finding replacements for terminated employees.

93.     Despite the recent retaliatory prohibition against working overtime, Defendant must still provide essential law enforcement services and minimum staffing requirements. Therefore, some Plaintiffs nevertheless continue working overtime hours, and the Defendant continues to deny Plaintiffs the full overtime compensation to which they are entitled.

**Violation of On-Call Policy**

94.     Defendant has a written administrative policy relating to officers being required to be "on-call" for certain times outside of their regular working hours.

95.     Defendant's on-call policy requires that non-exempt law enforcement employees (i.e., Plaintiffs and putative plaintiffs) receive three hours of straight time pay for every 24-hour period that they are required to be on-call.  Defendant has failed to compensate Plaintiffs for the time they spent on-call pursuant to its own on-call policy.

### I.     Representative Action Allegations For FLSA Claims

96.     Plaintiffs file this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as Representative Plaintiffs.  Plaintiffs consent to become a party plaintiff in this representative FLSA action pursuant to 29 U.S.C. § 216(b), as evidenced by Plaintiffs' "Consent to Become Party to Collective Action Under 29 U.S.C. § 216," filed herewith.

97.     Defendant employs, and has employed, multiple persons in the same job functions and/or position as Plaintiffs occupy.

98.     These employees perform, and have performed, functions which entitle them to payment of overtime compensation wages that they have not received.

99.     Defendant compensated, and continues to compensate, Plaintiffs and those similarly situated, on a uniform compensation basis common to Plaintiffs and other persons performing similar job functions.

100.    On information and belief, all of Defendant's operations are centrally managed as a single enterprise, and all or most of Defendant's employees performing functions similar to Plaintiffs are subject to common, uniform time-keeping and payroll practices.  Defendant has additionally established uniform payroll policies with respect to the payment of overtime compensation which apply to Plaintiffs and those similarly situated in the performance of law enforcement duties for Defendant.

101.    The FLSA "collective" or "class" of similarly situated employees is composed of

all present and former law enforcement employees of Defendant, at the rank of Lieutenant and below, all of whom performed the same or similar job functions as Plaintiffs and are or were subject to the same pay practices, and have been employed within three, or more, years of the date of filing of this action.

102.    Plaintiffs assert that Defendant's willful disregard of the overtime laws described herein entitles Plaintiffs and similarly situated employees to the application of the three year limitations period.    In addition, equitable tolling of the otherwise applicable statutes of limitations is appropriate as of the date that Defendant hired its City Attorney, because such person had knowledge of the Plaintiffs' rights to overtime, and the Defendant's failure to pay the same.

103.    At all times relevant hereto, Defendant was a "public agency" as that term is defined by 29 U.S.C. §§ 203(e)(2)(C) and 203(x).

104.    Plaintiffs' job duties, and the job duties of those similarly situated to Plaintiffs, are specifically not exempt from the coverage of the FLSA.

105.    At all relevant times, Plaintiffs and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

## II.        Allegations Related To Plaintiffs' State Law Claims

106.    Plaintiffs are required to work a regular and recurrent schedule whereby they are scheduled to work regularly scheduled hours every 14 days.

107.    Regardless of their regular and recurrent schedule, Plaintiffs are often required to work in excess their regularly scheduled hours every 14 days.

108.    Pursuant to Va. Code §§ 9.1-701 through 9.1-703, Defendant is obligated to pay Plaintiffs at one and a half times his regular rate of pay ("overtime") for all hours worked above

and beyond their regular and recurrent work schedule.

109.    Defendant's payroll policy is to pay at "straight time," i.e., Plaintiffs' regular rate, for nearly all hours worked between their regularly scheduled hours and 86 over a 14 day period.

110.    Pursuant to Va. Code § 9.1-701 all hours should be paid at time and a half to the extent these hours are "between the statutory maximum permitted under 29 U.S.C. § 207 (k) and the hours for which an employee receives his salary."

111.    Defendant has been in continual violation of § 9.1-700 since the law went in to effect in 2005.

112.    Defendant willfully violated Va. Code § 9.1-700 et seq.  High-level members of Defendant's administration, including the City Attorney, knew of its obligations to pay overtime for all hours Plaintiffs worked beyond their regular schedule over a 14 day period, but the City failed to comply with the law.

113.    Defendant has had knowledge of Virginia's law enforcement overtime provisions as local news media outlets have widely reported on similar police officer lawsuits against, and settlements paid by, the City of Richmond, Henrico County, the City of Norfolk, the City of Hampton, and other Virginia localities with at least 100 law enforcement employees.  *See e.g.* Richmond Times-Dispatch, Sept. 21, 2011 "Richmond Police File Lawsuit on Overtime" (http://www.richmond.com/news/richmond-police-file-lawsuit-on-overtime/article_2e5f0996-5b07-55cf-9d3f-5b75dd5326e7.html).  Moreover, Petersburg's City Attorney was counsel of record for the City of Richmond in that police overtime case of Rogers et al. v. City of Richmond (Case No. 3:11-cv-620-HEH) (E.D. Va.), thus he had knowledge of the police overtime laws at issue in this case, and knew or should have known that Petersburg was violating such laws.

114.    Defendant's payroll recordkeeping is such that Defendants have concealed from

Plaintiffs an ability to decipher the true extent of Defendant's overtime compensation violations.

115.   Defendant's knowledge of its violations of the law, combined with its concealment of Plaintiffs' ability to decipher or discover such violations, gives reason for the Court to equitably toll the statute of limitations for Plaintiffs claims for as far back as 2012 (and allowing a three-year look-back period from that point in time, to 2009, to recover overtime damages).

### III.        Rule 23 Class Action Allegations

### A.        Class Definitions

116.   Plaintiffs, the Rule 23 Class Representatives, seek to maintain claims pursuant to Va. Code § 9.1-700, et seq., individually, on their own behalf, and on behalf of a class of current and former employees of Petersburg Bureau of Police who, during any time within the liability period, were employed in the ranks of Lieutenant and below.  Current and former Petersburg Bureau of Police employees who hold or have held positions of Captains and above are excluded from the class for such periods of the liability period in which they were employed at the ranks of Captain and above.

117.   Plaintiffs also seek to bring additional claims under Virginia law for *quantum meruit* for a sub-class of the officers in the above defined class who also (a) were assigned to "on-call" status but did not receive the promised on-call compensation.  The above defined class and its sub-class are collectively referred to herein as the "Class").

### B.        Efficiency of Class Prosecution of Common Claims

118.   Certification of a class of current and former officers is the most efficient and economical means of resolving the questions of law and fact which are common to the claims of the Class Representatives and the proposed class. Conversely, proceeding on an individual basis

will require the filing of dozens of duplicative individual suits which will waste judicial time and resource and create the risk of inconsistent or varying adjudications of common issues.

### C.      Numerosity and Impracticality of Joinder

119.    The class which the Class Representatives seek to represent is so numerous that joinder is impracticable. On information and belief, there are over 100 current and former Petersburg law enforcement employees during the liability period who have been unlawfully denied overtime compensation to which they are entitled by virtue of Va. Code §§ 9.1-701, *et seq.*

### D.      Common Questions of Law and Fact

120.    The application of Defendant's pay policy presents common issues of fact in this matter.  Moreover, Defendant has utilized centralized scheduling and compensation practices in the calculation and payment of overtime compensation which apply uniformly to the class representatives and to those other officers they seek to represent.  On information and belief, all present and former Petersburg law enforcement employees were subject to the same centralized scheduling and compensation practices during the liability period. All such class members who also fit the definition of the proposed sub-class also were subject to identical pay practices and on-call policies implemented by the City.

121.    Common issues of fact exist in this matter as to whether Defendant's scheduling and compensation practices violated applicable state and federal law regarding Virginia law enforcement personnel's entitlement to overtime compensation, and an employee's right to non-overtime wages on a *quantum meruit* basis.

### E.      Typicality of Claims and Relief Sought

122.    The claims of the Class Representatives are typical to those of the class members

as a whole in that his claims are based on the same scheduling and compensation practices. The relief sought by the Class Representatives for overtime compensation is also typical of the relief which is sought on behalf of the proposed class.

**F.      Adequacy of Representation**

123.     Plaintiffs are excellent class representatives. Their interests are co-extensive with those of the members of the proposed class they seek to represent in this class. They have knowledge of Defendant's scheduling and compensation practices. They are committed to being representatives of the class, and have retained counsel experienced in prosecuting class action employment cases to protect the interests of the class.

**G.      Rule 23(B)(3) Requirements**

124.     Common questions of law and fact predominate over any questions affecting only individual members because the basis of any claims herein is the common application of policy, as well as the common scheduling and compensation practices of Defendant.

125.     A class action is superior to other available methods for adjudicating the controversy because other methods would involve the filing of dozens of individual claims that are based on the same centralized scheduling and compensation facts and the same legal issues regarding the same. Dozens of individual cases would clog the court and waste judicial time and resources. Moreover, multiple individual cases based on the same legal issue could lead to inconsistent or varying adjudications of the same issue.

126.     The putative class members do not have a substantial interest in individually controlling a separate action because any such claim would be based on the same centralized scheduling and compensation practices and their recovery in either an individual or class action will be based on the amount of overtime compensation that they have been denied by Defendant.

127.    The Class Representatives and counsel are not aware of any other litigation concerning the controversy that has already begun by proposed class members.

128.    It is desirable to concentrate the claims in this forum because the employment practices complained of herein occurred exclusively in this forum.

129.    The Class Representatives and counsel do not foresee any substantial difficulties in managing a class action and counsel is experienced in managing class action litigation in this forum.

**COUNT I**
**Unpaid Overtime in Violation of the Fair Labor Standards Act**

130.    At all times relevant to the matters alleged herein, Defendant has engaged in a pattern, practice or policy of not compensating law enforcement employees in accordance with state and federal mandates for certain overtime work performed for Defendant's benefit.

131.    The FLSA requires covered employers such as Defendant to compensate law enforcement employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 86 hours in a 14 day period.

132.    At all times relevant hereto, Defendant knew, or should have known, that federal wage laws, generally, and the FLSA, specifically, applied to Plaintiffs and others similarly situated.

133.    On information and belief, Defendant had knowledge of its FLSA requirements to pay law enforcement employees overtime compensation for hours worked in excess of 86 hours in a 14 day period.

134.    Despite knowledge of its obligations under federal wage laws, Defendant suffered and permitted Plaintiffs and similarly situated employees to routinely work in excess of 86 hours in a 14 day period without paying all overtime compensation due.

135.     Defendant willfully violated the FLSA by its failure to pay Plaintiffs, and other similarly situated employees, overtime compensation.

136.     High-level members of Defendant's administration knew of its obligations under the FLSA, including but not limited to HR personnel and the City Attorney.

137.     The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendant knew or showed reckless disregard for the fact that the City's compensation practices were in violation of these laws.

138.     Plaintiffs, and other similarly situated present and former employees, are entitled to statutory damages equal to the mandated overtime premium pay within the three (or more) years preceding the filing of this Complaint.

139.     Defendant has shown a reckless disregard for the FLSA's overtime requirements for law enforcement personnel.  Although Defendant had an obligation to make proper inquiry into its FLSA compliance obligations, it failed to do so or, having inquired, ignored or willfully attempted to avoid its legal obligations.

140.     Defendant has not acted in good faith with respect to its failure to pay overtime compensation.  Defendant had no legitimate reason to believe its actions and omissions were not a violation of the FLSA, thus entitling Plaintiffs, and those similarly situated, to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime compensation described above.

## COUNT II
### Violation of Va. Code §§ 9.1-701 through 9.1-703

141.     Defendant has violated Va. Code §§ 9.1-701 through 9.1-703 by depriving Plaintiffs, and putative class members all of whom were subject to the same policies, of their full overtime pay rates.

142.    Defendant's policy and practice of paying "straight time" rather than "overtime" for hours worked between 80 and 86 over a 14 day period has deprived Plaintiffs, and others who are subject to the same policies, of an overtime premium which should be included as part of their overtime pay rates.

143.    Pursuant to Va. Code § 9.1-704, Plaintiffs, and others who are subject to the same policies, are entitled to payment of the withheld overtime compensation, an additional presumed doubling of that amount, and payment for Plaintiffs' attorneys' fees and costs of this proceeding.

144.    At all times relevant hereto, Defendant knew, or should have known, that Virginia's law enforcement overtime laws applied to Plaintiffs and others similarly situated.

145.    On information and belief, Defendant had knowledge of the state law requirement to pay law enforcement employees overtime compensation for hours worked in excess of their regularly scheduled hours.

146.    Despite knowledge of its obligations under Virginia's police officer wage laws, Defendant suffered and permitted Plaintiffs and similarly situated employees to routinely work in excess of their regular schedule without paying all overtime compensation due.

147.    Defendant willfully violated Virginia law by its failure to pay Plaintiffs, and other similarly situated employees, overtime compensation in accordance with Virginia Code § 9.1-700 et seq.

148.    High-level members of Defendant's administration knew of its obligations to pay police officers overtime for hours worked beyond their regular schedule under Virginia law.

149.    The foregoing conduct constitutes a willful violation within the meaning of Virginia Code § 9.1-705, as Defendant knew or showed reckless disregard for the fact that the City's compensation practices were in violation of Virginia law.

150.    Plaintiffs, and other similarly situated present and former employees, are entitled to statutory damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus an additional amount of time for equitable tolling based on Defendant's poor payroll practices which prevented Plaintiffs from discovering Defendant's pay violations.

151.    Defendant has shown a reckless disregard for the legal overtime requirements for law enforcement personnel under Virginia law.  Although Defendant had an obligation to make proper inquiry into its compliance obligations under Virginia law, it failed to do so or, having inquired, ignored or willfully attempted to avoid its legal obligations.

152.    Defendant has not acted in good faith with respect to its failure to pay overtime compensation.  Defendant had no legitimate reason to believe its actions and omissions were not a violation of the state law, thus entitling Plaintiffs, and those similarly situated, to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime compensation pursuant to §9.1-704.

### COUNT III
### _Quantum Meruit_

153.    During the relevant time period, Plaintiffs, and those in the _quantum meruit_ sub-class, provided valuable services to Defendant.

154.    Defendant accepted and benefited from the services provided by Plaintiffs.

155.    Defendant had notice that Plaintiffs expected to be paid for the services provided. Specifically, with respect to on-call assignment, Defendant had a policy purporting to pay a fixed amount to all officers assigned on-call.

156.    Defendant did not pay Plaintiffs for the services rendered.

157.    Defendant failed to pay Plaintiffs under its policy of compensating employees for time spent on-call.

158.    As a result, Defendant has been unjustly enriched by receipt and enjoyment of services rendered by Plaintiffs without payment and for which payment was expected and requested, the value of such enrichment is equal to the unpaid wages plus interest.

### COUNT IV
### Retaliation in Violation of the Fair Labor Standards Act

159.    Section 215(a)(3) of the FLSA prohibits any "person person…to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or caused to be instituted or any proceeding under or related to [the FLSA]…"

160.    The actions of Defendant in prohibiting overtime and requiring detectives to work on snow days immediately after the filing of this lawsuit were motivated by Plaintiffs' participation in this lawsuit and are in violation of the FLSA's anti-retaliation provision.

161.    Defendant's actions could dissuade a reasonable worker from making or supporting complaints about overtime.

162.    Defendant's actions were willful and not in good faith.

163.    Plaintiffs who are currently employed with Defendant have suffered damages as a result of the foregoing conduct on the part of the Defendant.

### PRAYER FOR RELIEF FOR COUNT I
### (Plaintiffs' FLSA Claims)

WHEREFORE, Plaintiffs respectfully request that this Court:

A.    Approve notice, as soon as possible, to those employees and former employees similarly situated to Plaintiffs, namely all "Detectives," "Police Officers," or "Law Enforcement employees," and other employees performing the duties of "Detectives," "Police Officers," or

"Law Enforcement employees," who were employed by Defendant during any portion of the three (or more) years immediately preceding the filing of this action, of the existence of this FLSA representative (collective) action, the claims set forth herein and further provide notice of their right to opt-in to this action pursuant to 29 U.S.C. § 216(b).  Generally, this notice should inform such current and former employees that this action has been filed, describe the nature of the action and explain their right to opt in to this lawsuit if they were not paid the proper overtime wage compensation for their hours worked in any week during the statutory period;

B.     Designate this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216(b);

C.     Enter judgment declaring that the acts and practices complained of herein are violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

D.     Enter judgment awarding Plaintiffs, and all similarly situated current and former employees, actual compensatory damages in the amount shown to be due for unpaid overtime compensation, with pre-judgment interest, against Defendant;

E.     Enter judgment that Defendant's violations of the FLSA were willful;

F.      Enter judgment awarding Plaintiffs and all similarly situated present and former employees an amount equal to their overtime damages as liquidated damages;

G.     Enter judgment for post-judgment interest at the applicable legal rate;

H.     Enter judgment awarding Plaintiffs, and those similarly situated, reasonable attorneys' fees and costs of this suit;

I.     Grant leave to amend to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; to add claims under applicable state and federal laws, including claims for minimum wages pursuant to 29 U.S.C. § 206; and/or to

add other defendants who meet the definition of Plaintiffs' employer, pursuant to 29 U.S.C. § 203(d);

J.      Enjoin Defendant from future violations of the FLSA through the mandated payment of overtime compensation to similarly situated employees for hours worked in excess of the statutory maximum;

K.      Grant equitable tolling of Plaintiffs' claims so that damages may be recovered from 2008 forward; and

L.      Grant such other and further relief as this Court deems necessary and proper.

## PRAYER FOR RELIEF FOR COUNT II
### (Plaintiffs' Rule 23 Claim Under Va. Code §9.1-700 *et seq.*)

WHEREFORE, Plaintiffs respectfully request that this Court:

A.      Certify this action asserting the putative class' rights under Va. Code §§ 9.1-701, *et seq.* to proceed as a class action, pursuant to Rule 23 Fed. R. Civ. P, upon Plaintiffs' filing of a motion for class certification, with notice to those employees and former employees similarly situated to Plaintiffs, namely all "Detectives," "Police Officers," or "Law Enforcement employees," and other employees performing the duties of "Detectives," "Police Officers," or "Law Enforcement employees," who were employed by Defendant during any portion of the three (or more) years immediately preceding the filing of this action, of the existence of this action, the claims set forth herein and notice of their rights herein;

B.      Award appropriate declaratory relief regarding Defendant's unlawful acts and practices, in violation of Va. Code §§ 9.1-701 through 9.1-703 and injunctive relief to prevent such practices continuing in the future;

C.      Award appropriate back pay in amounts equivalent to Plaintiffs' previously deprived wages, and a doubling of the same pursuant to Va. Code §§ 9.1-701 through 9.1-704;

D.      Award of attorneys' fees and costs incurred on Plaintiffs' behalf, pursuant to Va. Code § 9.1-704;

E.      Grant equitable tolling of Plaintiffs' claims so that damages may be recovered from 2008 forward; and

F.      Grant such other and further relief to which Plaintiffs may show themselves justly entitled.

**PRAYER FOR RELIEF FOR COUNT III**
**(Plaintiffs' Rule 23 *Quantum Meruit* Claims)**

WHEREFORE, Plaintiffs respectfully request that this Court:

A.      Certify this action, asserting the putative class' rights under Virginia common law for compensation pursuant to claims of *quantum meruit*, to proceed as a class action, pursuant to Rule 23 Fed. R. Civ. P, upon Plaintiffs' filing of a motion for class certification, with notice to those employees and former employees similarly situated to Plaintiffs, namely all "Detectives," "Police Officers," or "Law Enforcement employees," and other employees performing the duties of "Detectives," "Police Officers," or "Law Enforcement employees," who were employed by Defendant during any portion of the three (or more) years immediately preceding the filing of this action, of the existence of this action, the claims set forth herein and notice of their rights herein;

B.      Enter judgment declaring that Defendant has been unjustly enriched by receipt and enjoyment of services rendered by Plaintiffs without payment and for which payment was expected and requested;

C.      Enter judgment awarding Plaintiffs, and all similarly situated present and former employees, actual compensatory damages in the amount shown to be due for unpaid wages, with pre-judgment interest, against Defendants;

33

D.      Grant equitable tolling of Plaintiffs' claims so that damages may be recovered

from 2008 forward; and

E.      Grant such other and further relief as this Court deems necessary and proper.

**PRAYER FOR RELIEF FOR COUNT IV**
**(Plaintiffs' FLSA Retaliation Claims)**

WHEREFORE, Plaintiffs respectfully request that this Court:

A.      Enter judgment declaring that the acts and practices complained of herein are

violations of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3);

B.      Award lost wages, liquidated damages, compensatory damages, punitive

damages, plus such legal and equitable relief to effectuate the purposes of the act.

C.      Enjoin Defendant from retaliating against Plaintiffs.


Plaintiffs hereby Demand a TRIAL BY JURY.

Respectfully submitted,

**THOMAS EWERS,** *et al.***, on behalf of
themselves and others similarly situated,**

By: ____/s/_____
        Attorneys for Plaintiffs
        Philip Justus Dean (VSB No. 86335)
        Craig Juraj Curwood (VSB No. 43975)
        Curwood Law Firm, PLC
        530 E. Main Street, Suite 710
        Richmond, VA 23219
        Telephone: (804) 788-0808
        Fax: (804) 767-6777
        pdean@curwoodlaw.com
        ccurwood@curwoodlaw.com

        Ryan H. Ash (VSB No. 81819)
        Blackburn, Conte, Schilling & Click, PC
        300 W. Main Street
        Richmond, VA 23220
        Telephone: (804) 782-1111
        Fax: (804) 648-3914
        ryanash@blackburnconte.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this 3rd day of March 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a Notification of Filing (NEF) to the following:

        David B. Oakley, Esq.
        4705 Columbus Street
        Virginia Beach, VA 23462
        doakley@pbp-attorneys.com

        ____/s/_____
        Counsel